IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                  Criminal Case No. 3:09cr452

ROBERT LEE PERNELL,

    Defendant.

MEMORANDUM OPINION

This matter is before the Court on DEFENDANT'S PRO SE MOTION TO DISQUALIFY COUNSEL (Docket No. 92) and DEFENDANT'S PRO SE MOTION FOR MISTRIAL AND DISMISSAL OF ALL CHARGES (Docket No. 94). An evidentiary hearing was held on March 20, 2014. The Court ordered supplemental briefing, and the parties filed their respective briefs (Docket Nos. 116 & 117). For the reasons that follow, the DEFENDANT'S PRO SE MOTION TO DISQUALIFY COUNSEL (Docket No. 92) and DEFENDANT'S PRO SE MOTION FOR MISTRIAL AND DISMISSAL OF ALL CHARGES (Docket No. 94)[1] will be denied.

BACKGROUND

Robert Lee Pernell's motions are somewhat convoluted and confusing. Reduced to their essence, the motions argue that his former lawyer had a conflict of interest in simultaneously

---

[1] To the extent this motion seeks a new trial, it will be denied as moot because a new trial was ordered on May 15, 2014 (MEMORANDUM OPINION, Docket No. 120; ORDER, Docket No. 121).

representing Pernell in an antecedent state case and a witness in this case, Taj Gregory; that his former lawyer revealed confidential information to the prosecuting Assistant United States Attorney and to Gregory who then used it in testifying against Pernell; and that the prosecuting Assistant United States Attorney had a conflict of interest in prosecuting Pernell in this case and Gregory in another unrelated case. Therefore, says Pernell, the prosecuting United States Attorney and the Office of the United States Attorney should be disqualified; a mistrial should be declared; and all charges against him should be dismissed. Finally, in a brief filed by Pernell's counsel, it is argued that, because of the former lawyer's conflict, Pernell should be granted a retrial at which Pernell should be allowed to cross-examine Gregory about whether he tailored his testimony based on information about Pernell obtained from Pernell's former counsel, or that Gregory should not be allowed to testify at any retrial.

A brief historical excursion into the events that form the basis of Pernell's motions will help in resolving them.

**A.  Pernell's State Case: September 2009 - April 2010**

The story starts on April 18, 2009, when Pernell attempted to rob Terry Fife in the City of Richmond, Virginia. During that incident, Pernell discharged a firearm, and the bullet struck Casey King in the ankle. Pernell was later arrested on

warrants charging him with attempted robbery, malicious wounding, and violations of firearm laws. In September 2009, Pernell retained Jeffrey Everhart to represent him in that criminal case ("the State Case"). Everhart negotiated a plea bargain, and, on February 12, 2010, Pernell entered a guilty plea in the State Case to the reduced charge of unlawful wounding and was sentenced, on the same day, to five years of imprisonment with six months suspended. Later in February 2010, after the sentencing, Pernell wrote Everhart a letter, and Everhart responded on February 24 and again on March 9, 2010. Then, on April 4, 2010, Pernell wrote Everhart asking for a copy of his plea agreement in the State Case. On April 6, 2010, Everhart's secretary provided Pernell with a copy of the plea agreement. There has been no further communication between Everhart and Pernell.

**B.  Pernell's Federal Case: December 2009 to Date**

On December 15, 2009, Pernell was charged in a three-count Indictment in the Eastern District of Virginia, Richmond Division ("Pernell's Federal Case") based on conduct that was not at all related to the conduct in the State Case. In Pernell's Federal Case, the Indictment charged as follows: Count One charged Pernell with Conspiracy to Interfere with Commerce by Threats and Violence (a Hobbs Act robbery), in violation of 18 U.S.C. § 1951; Count Two charged Pernell with

3

Attempted Interference with Commerce by Threats and Violence and Aiding and Abetting, in violation of 18 U.S.C. §§ 1951 and 2; and Count Three charged Pernell with Use, Carry, Brandish, and Discharge a Firearm During/In Relation to a Crime of Violence, specifically the Hobbs Act robbery, in violation of 18 U.S.C. § 924(c).

The charges in Pernell's Federal Case arose from an alleged attempted robbery committed by Pernell and an unidentified person at a residence on Lockett Ridge Road in Chesterfield County, Virginia on May 15, 2009. However, Pernell's Federal Case did not proceed immediately thereafter because, when the Indictment was returned on December 15, 2009, Pernell was incarcerated on the State Case. Therefore, a federal detainer was lodged while Pernell served the sentence imposed in the State Case. On October 17, 2012, a Petition and Order for Writ of Habeas Corpus ad Prosequendum was issued, and Pernell appeared on November 17, 2012 for an initial appearance and arraignment. William H. Sooy was appointed as counsel and Pernell entered not guilty pleas to all three counts.[2] A jury trial was initially scheduled to begin on February 4, 2013, but it was delayed because Pernell decided to retain new counsel.

---

[2] Pernell completed serving his state sentence on April 16, 2013 while in the physical custody of the United States Marshal pursuant to the Writ.

Pernell's family retained Christopher J. Collins to represent him, and the trial was rescheduled to begin on April 30, 2013.

On April 22, 2013, Assistant United States Attorney Olivia Norman issued a notice under Fed. R. Crim. P. 404(b) that the United States intended to introduce into evidence in Pernell's Federal Case shell casings that were found at the scene of the crime in the State Case because they matched a shell casing recovered from Lockett Ridge Road, the scene of Pernell's Federal Case. That evidence subsequently was admitted through a stipulation. On May 2, 2013, the third day of trial, the jury returned a verdict of guilty on all three counts.

C. **Taj Gregory's Federal Case: October 2009 to April 14, 2010**

On October 22, 2009, Taj Gregory was charged in the Eastern District of Virginia, Richmond Division, in a criminal complaint with possession with the intent to distribute controlled substances ("Gregory's Federal Case"). He was arrested and made an initial appearance on that same day.

Gregory was one of two drug dealers who lived in the house on Lockett Ridge Road that was the subject of the Indictment in Pernell's Federal Case. When police searched that house in connection with the attempted robbery, they found a large quantity of cocaine base, as well as lesser quantities of cocaine hydrochloride and marijuana, and $125,805.00 in cash.

5

Gregory admitted that the drugs and the money belonged to him and Anwan Jones, the other drug dealer who lived in the house.

On October 28, 2009, United States Magistrate Judge Lauck appointed Everhart to represent Gregory in Gregory's Federal Case. In contemplation of a plea arrangement and possible cooperation with federal authorities, Gregory was debriefed on either November 23, 2009 or December 1, 2009, by DEA agents in Everhart's presence about his drug distribution. On January 8, 2010, Gregory entered a guilty plea to possession with intent to distribute cocaine base, and was sentenced on April 14, 2010 to 120 months of imprisonment.

Some three years later, the United States called Gregory to testify in Pernell's Federal Case. Gregory testified that he and Anwan Jones, with whom he shared the home on Lockett Ridge Road, were cocaine traffickers and that the alleged attempted robbery affected their cocaine trafficking business. Gregory also testified that he had sold crack cocaine to Pernell on several occasions in the month before the alleged attempted robbery, but the sales were not made from the house on Lockett Ridge Road.

D. **Discovery of the Overlapping Representation**

After the trial in Pernell's Federal Case, Pernell became dissatisfied with the services of Collins, the lawyer who had been retained by Pernell's family, and sought to have Collins replaced with court-appointed counsel to handle the pending

post-trial motions and the sentencing phase of the case. Although Collins had performed professionally and effectively, the Court concluded that there was an irreparable breakdown in communication between him and Pernell (caused by Pernell) and relieved Collins of the burden of continuing to represent his fractious client. So, on August 14, 2013, Charles A. Gavin was appointed to represent Pernell in connection with the post-trial motions that Collins had filed and, if they were overruled, at sentencing.

In the fall of 2013, Gavin learned that Everhart previously had represented Pernell in the State Case and so informed Norman. Then, on January 31, 2014, Pernell asserted by way of pro se written motions for disqualification of counsel and for a mistrial (Docket Nos. 92 and 94) that Norman should be disqualified because she was simultaneously prosecuting Pernell and Gregory and because she had received from Everhart information that Pernell had provided in confidence. For the same reasons, Pernell asked that all federal charges against him be dismissed with prejudice.

The confusing and convoluted content of Pernell's pro se submissions make understanding his theories a somewhat difficult task. But, it appears to be that Pernell's overarching theory and principal complaint is that Everhart shared with Gregory and Norman confidential information that Everhart had learned from

Pernell so that Gregory could better help the United States when testifying in Pernell's Federal Case.

Gavin advised the Court that he could not in good conscience pursue the theories being pressed by Pernell and asked to be relieved as to the post-trial pro se motions filed by Pernell that accused Norman and Everhart. Thus, Joseph R. Peluso, Jr. was appointed to replace Gavin for that purpose.

The post-trial brief filed by Peluso took a somewhat different tack, arguing that Everhart violated Rule 1.9 of the Virginia Rules of Professional Conduct, and that Gregory should not be allowed to testify at a retrial or that Pernell's counsel should be permitted to show that Gregory's testimony is influenced by confidential information obtained by Everhart from Pernell and given to Norman and Gregory.

## DISCUSSION

The Sixth Amendment guarantees that, in all criminal prosecutions, the accused shall enjoy the right to have the assistance of counsel for his defense. United States v. Wheat, 486 U.S. 153, 158 (1988). In United States v. Morrison, the Supreme Court observed that "[t]his right, fundamental to our system of justice is meant to assure fairness in the adversary criminal process." 449 U.S. 361, 364 (1981). In evaluating Sixth Amendment claims, "the appropriate inquiry focuses on the

8

adversarial process, not on the accused's relationship with his lawyer as such." United States v. Cronic, 466 U.S. 648, 657 n.21 (1984). The Supreme Court also has recognized "the necessity for preserving society's interest in the administration of criminal justice." 449 U.S. at 365. "In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348 (1980).

The first step in resolving Pernell's motions is to ascertain whether his counsel operated under an actual conflict of interest. Rule 1.6, Virginia Rules of Professional Conduct,[3] prohibits disclosure by a lawyer of confidential information obtained from his client. No doubt, it would be a conflict of interest for a lawyer to divulge confidential information from one client to another client so that the latter could secure a reduced sentence by testifying about that information in a case against the former client. Thus, the theory advanced by Pernell's pro se motions would, if true, present a conflict of interest.

---

[3] Although Local Civil Rule 1(A) adopts these rules in civil cases in this Court, Local Criminal Rule 1(A) does not. Nonetheless, lawyers are obligated to maintain the confidences of their clients.

However, that theory fails for lack of a factual predicate. In particular, Everhart did not divulge to Gregory or Norman confidential information from or about Pernell. On that issue, the Court credits the testimony of Everhart and the corroborating testimony of Norman. That conclusion is supported by the fact that Pernell has identified no testimony given by Gregory that came from Pernell. Moreover, Gregory, in fact, gave no testimony about Pernell except to say that he had sold drugs to Pernell. That evidence quite clearly is from Gregory's knowledge.

Accordingly, to the extent, then, that Pernell's motions are based on the disclosure of confidential information, the motions must fail.[4]

There is, however, a second theory that must be assessed. In particular, during the March 20 hearing, Peluso argued that Rule 1.9(a) of the Virginia Rules of Professional Conduct applies to this situation. The Rule provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless both the present and former client consent after consultation.

---

[4] There is, therefore, no need to assess what kind of relief would be available had there been a disclosure of confidential information by Everhart to Gregory or Norman.

10

To begin, Rule 1.9(a) clearly does not apply to Norman's prosecution of both Pernell and Gregory because there is nothing in the Rule that prohibits a prosecutor from simultaneously prosecuting the two defendants. Nor would the Rule, even if applicable, operate to disqualify a lawyer, such as Norman, who does not have an attorney-client relationship with Pernell. That much is clear from the text of the Rule. Thus, Rule 1.9(a) provides no basis for disqualifying Norman, much less the Office of the United States Attorney.

Of course, the Rule would mean that Everhart, who formerly represented Pernell in a matter [the State Case], could not thereafter represent Gregory in the same or a substantially related matter in which Gregory's interests are materially adverse to the interests of Pernell unless both had consented. Assuming, for the moment, that the State Case and Gregory's Federal Case are substantially related, the Rule would require that Everhart not represent Gregory in Gregory's Federal Case without the consent of both Pernell and Gregory.

However, those two cases are not substantially related. The State Case arose out of an alleged attempted robbery of Terry Fife during which Casey King was wounded. Pernell pled guilty to unlawful wounding. Gregory's Federal Case arose out of Gregory's violation of federal drug trafficking laws. Nothing connects the two cases at all.

11

Pernell contends that a connection exists because evidence from the State Case (cartridge casings) was admitted into evidence in Pernell's Federal Case by way of a stipulation. But, Rule 1.9(a) focuses on the relation between the cases in which the lawyer's former and current clients were involved, not on evidence from the former client's case (the State Case) that was offered in the former client's subsequent case (Pernell's Federal Case), which is what happened here. Hence, Rule 1.9(a) simply does not apply here.

In reality, the post-hearing brief invoking Rule 1.9(a), like Pernell's *pro se* motions, focuses on the use in Pernell's Federal Case of confidential information that is thought to have flowed from Pernell through Everhart (from the State Case) to Gregory or Norman. As previously explained, there is no evidence to suggest that any such breach of confidence occurred.

### CONCLUSION

For the reasons set forth herein, the DEFENDANT'S *PRO SE* MOTION TO DISQUALIFY COUNSEL (Docket No. 92) and DEFENDANT'S *PRO SE* MOTION FOR MISTRIAL AND DISMISSAL OF ALL CHARGES (Docket No. 94) will be denied.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 20, 2014

12