

FILED
NOV 17
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:09CR452

ROBERT LEE PERNELL

**MEMORANDUM OPINION**

Robert Lee Pernell, a federal inmate proceeding pro se, has filed a motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 151). Before the Clerk transmitted the § 2255 Motion to the United States, the Court received a second motion pursuant to 28 U.S.C. § 2255 ("Amended § 2255 Motion," ECF No. 152) from Pernell. In a Motion to Amend (ECF No. 165), received from Pernell on July 10, 2016, Pernell explains that the Amended § 2255 Motion was "actually his original motion he intended to file, and the first motion was just a rough draft that movant had done as a practice motion to develop accurate articulation of his main points in the space provided." (Id. at 2.)[1] The Court will grant Pernell's Motion to Amend (ECF No. 165), finding that the Amended § 2255 Motion (ECF No. 152) replaces the initial § 2255 Motion (ECF No. 151). The action therefore proceeds solely on the Amended § 2255 Motion.

---

[1] The Court utilizes the pagination assigned to Pernell's submissions by the CM/ECF docketing system. The Court corrects the capitalization in the quotations from Pernell's submissions.

The Government has responded, asserting, inter alia, that Pernell's Amended § 2255 Motion is untimely filed. (ECF No. 158.) Pernell has filed a Reply. (ECF No. 167.) Pernell has also filed a Motion to Challenge Prior Conviction. (ECF No. 166.) For the reasons set forth below, Pernell's Amended § 2255 Motion (ECF No. 152) will be dismissed as barred by the statute of limitations.

## I. PROCEDURAL HISTORY[2]

On July 23, 2014, the Government filed a Criminal Information, charging Pernell with one count of possessing, using, carrying, brandishing, and discharging a firearm during and in relation to a drug trafficking crime, in violation of 18

---

[2] The Court omits much of the lengthy and convoluted criminal history here because it is unnecessary to the resolution of Pernell's Amended § 2255 Motion. The Court notes that, on December 15, 2009, a grand jury charged Pernell with one count of conspiracy to interfere with commerce by threats and violence, in violation of 18 U.S.C. § 1951; one count of aiding and abetting the attempted interference with commerce by threats and violence, in violation of 18 U.S.C. §§ 1915 and 2; and one count of using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). (Indictment 1-2, ECF No. 1.) On May 2, 2013, a jury found Pernell guilty of all three counts of the Indictment. (ECF No. 43, at 1.) However, by Memorandum Opinion and Order entered on May 15, 2014, the Court granted Pernell's motion for acquittal or a new trial to the extent it sought a new trial, but denied it to the extent that it sought judgment of acquittal. United States v. Pernell, No. 3:09CR452, 2014 WL 2002210, at *8 (E.D. Va. May 15, 2014). Pernell pled guilty to a one-count Criminal Information and the new trial, therefore, did not take place.

2

U.S.C. § 924(c). (Crim. Information 1, ECF No. 135.) That same day, Pernell pled guilty to the one-count Criminal Information. (Plea Agreement ¶ 1, ECF No. 139.) On August 22, 2014, the Court entered judgment against Pernell and sentenced him to 300 months of imprisonment.[3] (J. 2, ECF No. 149.) Pernell did not appeal.

On November 15, 2015, Pernell placed his initial § 2255 Motion in the prison mail system for mailing to this Court. (ECF No. 151, at 15.) The Court deems the § 2255 Motion filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988). Pernell raises the following claims for relief:

| | |
|---|---|
| Claim One: | "Counsel is ineffective in violating movant's 6th amendment rights and due process." (Am. § 2255 Mot. 4.) |
| Claim Two: | "Counsel is ineffective at reconciling conflict of interest." (Id. at 5.) |
| Claim Three: | "Counsel is ineffective in ensuring movant's due process rights were not violated." (Id. at 6.) |
| Claim Four: | "Counsel failed to present newly discovered evidence." (Id. at 8.) |
| Claim Five: | "Counsel is ineffective in performing minimal investigations." (Id. at 12.) |

---

[3] Pernell faced a mandatory minimum sentence of 25 years because this was his second conviction under 18 U.S.C. § 924(c). (Plea Agreement ¶ 1.) In 1997, Pernell was convicted in this Court of using and carrying a firearm during and in relation to a drug trafficking offense. (Pre-Sentence Investigation Report ¶ 34, ECF No. 144.)

3

Claim Six: "The district court erred in not allowing the movant the opportunity for a continuance to properly investigate and review court documents and many other records dating back to 2009." (Id. at 13.)

Claim Seven: "The district court erred in not allowing movant to appeal or present evidence to reconsider its ruling against movant's claim of prosecutorial misconduct by Norman or conflict of interest by Everhart, before resuming movant's retrial." (Id. at 14.)

Claim Eight: "The district court erred in allowing defense counsel Gavin to represent movant after his admitted conflict in pursuing or cross-examining AUSA Norman and movant's prior counsel Everhart, adversely affecting movant's constitutional right to due process of law." (Id. at 15.)

Claim Nine: "A fundamental miscarriage of justice has caused irreversible damage to movant receiving a fair trial or relief from an unfair conviction." (Id. at 16.)

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

  (1) the date on which the judgment of conviction becomes final;

  (2) the date on which the impediment to making a motion created by governmental

>    action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. 28 U.S.C. § 2255(f)(1)

Because Pernell did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Friday, September 5, 2014, the last date to file an appeal. See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). Hence, Pernell had until Monday, September 8, 2015 to file any motion under 28 U.S.C. § 2255. Because Pernell did not file his § 2255 Motion until November 15, 2015, the motion is untimely pursuant to 28 U.S.C. § 2255(f)(1).

### B. Belated Commencement

In his Reply, Pernell suggests that he is entitled to belated commencement pursuant to § 2255(f)(4). (Reply 14.) Pernell states:

> Movant contends his claims were filed timely to the date on which the facts supporting his claim or claims presented could have been discovered through the exercise of diligence and/or newly discovered evidence, October 27, 2015, the date of receipt of the documents obtained from Gavin, and/or the date December 17, 2014, the date of receipt of the letter from Gavin stating he had released the documents . . . that movant actually received on October 17, 2015. Movant contends either date is a timely filing of movant's November 20, 2015 § 2255 pursuant [to] 28 U.S.C. § 2255(f)(4). Prior to the discovery by movant, due to these documents, showing Gavin withheld critical evidence to his defense, movant had no reason to suspect the Court or Gavin had errored in their advisements that Gavin was conflict-free, to represent him in a new trial, since movant was not privy to any discussions or motions to the contrary, that would warrant an exercise in diligence into Gavin's representation as being ineffective or conflicted.

(Id.) A letter from Gavin dated December 12, 2014, which Pernell has attached to his Reply, indicates that Gavin provided copies of the Statement of Facts, a letter that Pernell filed with the Court on July 11, 2013, and trial transcripts to Kenneth Hill on Pernell's behalf.[4] (ECF No. 167-2, at 3.) Gavin noted that he was unable to provide a copy of the Pre-Sentence

---

[4] Pernell has not explained why Gavin did not provide these documents to him directly.

6

Investigation Report, and that there was no grand jury transcript. (Id.)

Whether a petitioner has exercised due diligence to warrant a belated commencement of the limitation period pursuant to 28 U.S.C. § 2255(f)(4) is a fact-specific inquiry unique to each case. See Wims v. United States, 225 F.3d 186, 190-91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006). Due diligence "at least require[s] that a prisoner make reasonable efforts to discover the facts supporting his claims." Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008) (quoting Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002)). A habeas applicant who "merely alleges that [he or she] did not actually know the facts underlying his or her claim does not" thereby demonstrate due diligence. In re Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997). Rather, to obtain a belated commencement of the limitation period, the applicant must explain why a reasonable investigation would not have unearthed the facts prior to the date on which his conviction became final. See id. at 1540-41 (rejecting petitioner's assertion that he could not have discovered his new Brady[5] claim prior to filing his first § 2254

---

[5] Brady v. Maryland, 373 U.S. 83 (1963).

7

petition). Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." Johnson v. United States, 544 U.S. 295, 311 (2005).

Pernell's argument for belated commencement is unavailing. First, Pernell fails to explain why he required copies of the Statement of Facts, his July 11, 2013 letter, and the trial transcripts before he could file his § 2255 Motion. Rule 2(b) of the Rules Governing Section 2255 Proceedings requires only that the facts in support of a claim be set forth in summary form. Pernell could have relied on his own recollection of the court proceedings to assert the claims he now raises. United States v. Butler, 178 F. App'x 327, 327 (4th Cir. 2006) (citing United States v. Shoaf, 341 F.2d 832, 835 (4th Cir. 1964)). Pernell also fails to explain with any specificity how these documents provided factual support for his many claims, several of which focus on an alleged conflict of interest that has already been litigated.[6]

---

[6] Pernell filed several pro se motions that,

> [r]educed to their essence, . . . [asserted] that [Pernell's] former lawyer [Jeffrey Everhart] had a conflict of interest in simultaneously representing Pernell in an antecedent state case and a witness in this case, Taj Gregory; that his former lawyer revealed confidential information to the prosecuting Assistant United States Attorney and to Gregory who

8

Second, Pernell fails to show that he acted diligently in pursuing his claims. Pernell fails to detail the actions he took to pursue his claims during the time between September 5, 2014, when judgment was entered, and December 17, 2014, the date of Gavin's letter to Pernell. Pernell provides no indication of when he asked Gavin for these documents and fails to explain why he did not request these documents until approximately four months had passed from the entry of judgment. Moreover, Pernell states that he received the requested documents on October 17, 2015. Pernell fails to explain why he could not, or did not, contact Gavin or Kenneth Hill concerning the whereabouts of those documents in the approximately ten months that passed after Gavin had mailed the documents to Hill. Pernell could also have contacted the Court to request copies of several of these documents during that time. See United States v. Holguin, Nos. 5:04CR00025-004, 5:09CV80130, 2009 WL 728555, at *3 (W.D. Va. Mar. 19, 2009) (concluding that movant was not entitled to

---

> then used it in testifying against Pernell; and that the prosecuting Assistant United States Attorney had a conflict of interest in prosecuting Pernell in this case and Gregory in another unrelated case.

United States v. Pernell, No. 3:09CR452, 2014 WL 2114833, at *1 (E.D. Va. May 20, 2014). This matter was litigated ad nauseam, and Pernell's pro se motions were denied. Id. at *5. The Court did, however, grant the motion for a new trial filed by Pernell's counsel. United States v. Pernell, No. 3:09CR452, 2014 WL 2002210, at *8 (E.D. Va. May 15, 2014).

belated commencement under § 2255(f)(4) because he did not write to counsel requesting documents until more than three years after sentencing, and noting that movant "could have obtained a copy of the Magistrate Judge's Report from the court, had he taken the logical, additional steps that a reasonably diligent person would take if concerned about whether or not an appeal had been filed on his behalf"). Pernell's "inaction is incompatible with a finding of due diligence." Wood v. Spencer, 487 F.3d 1, 5-6 (1st Cir. 2007) (citations omitted). Accordingly, Pernell fails to demonstrate entitlement to a belated commencement of the limitations period.

B. Equitable Tolling

Motions pursuant to 28 U.S.C. § 2255 are subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645-46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. Yang v.

10

Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

In his Reply, Pernell vaguely suggests that he is entitled to equitable tolling, arguing that counsel's ineffective assistance "prevented a timely filing." (Reply. 15.) Pernell fails to allege facts describing how counsel's alleged ineffectiveness prevented him from timely filing his § 2255 Motion. In any event, absent circumstances not present here, ineffective assistance, even if shown, rarely provides a basis for equitable tolling. See Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003) (citing Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002)). Furthermore, Pernell fails to show that he has been diligently pursuing his rights since his conviction became final on September 5, 2014. "Simply put, [Pernell] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." O'Neill v. Dir., Va. Dep't of Corr, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011) (alteration in original). Accordingly, Pernell lacks entitlement to equitable tolling. Thus, Pernell has failed to

demonstrate any basis for excusing his failure to comply with the statute of limitations.[7]

### III. OUTSTANDING MOTION

Pernell has filed a Motion to Challenge Prior Conviction in which he seeks to challenge his prior conviction, in Criminal Action No. 3:97CR112, under 18 U.S.C. § 924(c). (ECF No. 166, at 1.) According to Pernell, he is now actually innocent of that conviction pursuant to the Supreme Court's decision in Rosemond v. United States, 134 S. Ct. 1240 (2014).[8] (Id.) However, "[a] moving party who seeks relief from more than one judgment must file a separate [§ 2255] motion covering each judgment." Rule 2(d), Rules Governing Section 2255 Proceedings for the United States District Courts. Because Pernell's Motion seeks relief from the sentence imposed in 3:97CR112, he must bring his claim in a § 2255 motion in that action. Accordingly, Pernell's Motion to Challenge Prior Conviction (ECF No. 166) will be denied without prejudice to any right that Pernell may

---

[7] Neither Pernell nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)-(3).

[8] In Rosemond, "the Supreme Court addressed the level of evidence needed to prove aiding and abetting and the jury instructions necessary for aiding and abetting." United States v. Day, No. 3:07CR154-JAG-3, 2016 WL 96161, at *2 (E.D. Va. Jan. 8, 2016) (citing Rosemond, 134 S. Ct. at 1241).

12

have to raise that claim in a collateral proceeding filed in Criminal Action 3:97CR112.

## IV. CONCLUSION

For the foregoing reasons, Pernell's Motion to Amend (ECF No. 165) will be granted to the extent that the Amended § 2255 Motion (ECF No. 152) supplants the initial § 2255 Motion (ECF No. 151). Pernell's Amended § 2255 Motion (ECF No. 152) will be denied. Pernell's Motion to Challenge Prior Conviction (ECF No. 166) will be denied without prejudice to any right that Pernell may have to raise that claim in a collateral proceeding filed in Criminal Action No. 3:97CR112. The action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Pernell and counsel for the Government.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: November 15, 2016