```
 1                 UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF VIRGINIA
 2                      Richmond Division

 3

 4  UNITED STATES OF AMERICA        }
                                    }
 5  v.                              }    Criminal Case No.:
                                    }    3:09 CR 452
 6  ROBERT LEE PERNELL              }

 7                                       July 23, 2014

 8

 9              COMPLETE TRANSCRIPT OF PLEA
            BEFORE THE HONORABLE ROBERT E. PAYNE
10             UNITED STATES DISTRICT COURT JUDGE

11

12  APPEARANCES:

13  Olivia L. Norman, Esquire
    OFFICE OF THE UNITED STATES ATTORNEY
14  919 East Main Street
    Suite 1900
15  Richmond, Virginia  23219

16       Counsel on behalf of the United States

17

    Charles A. Gavin, Esquire
18  DESKEVICH, GAVIN & HARRIS, P.C.
    1409 Eastridge Road
19  Richmond, Virginia  23229

20       Counsel on behalf of the Defendant

21

22

23

24            KRISTA M. LISCIO, RMR
               OFFICIAL COURT REPORTER
25            UNITED STATES DISTRICT COURT
```

1          (The proceeding commenced at 1:59 p.m.)

2          THE CLERK:  Criminal Number 3:09 CR 452-01.

3  *United States of America v. Robert Lee Pernell.*

4          Ms. Olivia Norman represents the United States.

5          Mr. Charles A. Gavin represents the defendant.

6          Are counsel ready to proceed?

7          MS. NORMAN:  The United States is ready, Your

8  Honor.

9          MR. GAVIN:  The defendant is ready, Your Honor.

10          MS. NORMAN:  Good afternoon, Your Honor.

11          THE COURT:  Good afternoon.

12          MS. NORMAN:  We are here for the anticipated

13  plea of guilty by Mr. Robert Lee Pernell to a single count

14  criminal information, which was filed with the Court

15  today.

16          There is -- that criminal information charges

17  that Mr. Pernell did possess a firearm in furtherance of,

18  and did use, carry, brandish, and discharge a firearm

19  during and in relation to a felony drug trafficking crime.

20  That all being in violation of Title 18, United States

21  Code, Section 924(c).

22          This is a written plea agreement that sets forth

23  the penalties for this offense.  The penalties

24  specifically are a minimum mandatory term of 25 years

25  imprisonment on this count, up to a maximum term of life

1    imprisonment, a fine of $250,000, and five years of

2    supervised release.

3            There's also a written statement of facts in

4    support of the plea agreement.

5            Mr. Pernell has filed a waiver of indictment

6    based on the modified 924(c) charge.  There is also a

7    separate exhibit to the plea agreement.  I want to make

8    sure it's clear on the record that that separate exhibit,

9    that the plea is not contingent on that; however, it is an

10   agreement entered by the parties on this day, and that the

11   United States and defense counsel will maintain a copy of

12   this agreement.  So, the plea itself is not contingent on

13   that, but it is something that we entered today.

14           THE CLERK:  Who has the originals?

15           MS. NORMAN:  We do.

16           MR. GAVIN:  We do.

17           THE COURT:  Are they at the desk?  They should

18   be at the lectern.

19           MS. NORMAN:  They are.

20           MR. GAVIN:  They're here.

21           MS. NORMAN:  Yes, sir.

22           THE CLERK:  You don't need to swear him.  He's

23   going to affirm.

24           Under penalty of perjury you do affirm that the

25   answers to the questions you're about to be asked by the

1  Court shall be the truth, the whole truth, and nothing but

2  the truth?

3          MR. PERNELL:  Yes.

4          THE CLERK:  Thank you.

5          THE COURT:  Your full and correct name is Robert

6  Lee Pernell, is that correct?

7          MR. PERNELL:  Yes.

8          THE COURT:  And are you the person named as

9  Robert Lee Pernell –

10          MR. PERNELL:  Yes.

11          THE COURT:  – in the criminal information in

12  this case?

13          MR. PERNELL:  Yes.

14          THE COURT:  Now, before accepting your proposed

15  waiver of indictment and plea of guilty to a criminal

16  information, the Court is obligated to inform you of what

17  your rights are, and to be satisfied that you understand

18  what your rights are, and to be sure that you are waiving

19  the indictment and entering a plea of guilty freely and

20  voluntarily with a full understanding of what your rights

21  are.

22          And you have sworn, Mr. Pernell, to answer

23  truthfully the questions that I'm going to put to you so I

24  can make -- be certain you know what your rights are, and

25  that you're guilty of the offenses to which you are

1   pleading.  If any of your answers turn out to be untrue,

2   they may later be used against you in a prosecution for

3   perjury; do you understand that?

4           MR. PERNELL:  Yes.

5           THE COURT:  How old are you, Mr. Pernell?

6           MR. PERNELL:  Forty-three.

7           THE COURT:  And how far did you go in school?

8           MR. PERNELL:  Tenth grade.

9           THE COURT:  And you're able to read, write, and

10  speak English, are you not?

11          MR. PERNELL:  Yes.

12          THE COURT:  Do you understand what I'm saying

13  now?

14          MR. PERNELL:  Yes.

15          THE COURT:  Are you under the influence of any

16  drugs, narcotics, marijuana, or alcohol this afternoon?

17          MR. PERNELL:  No.

18          THE COURT:  Now, a presentence report was

19  prepared earlier, and it says that you were treated by a

20  psychologist.  And that in 2008, you were diagnosed with

21  post-traumatic stress disorder, according to a report that

22  you gave, and that you were placed on medication once for

23  that diagnosis but you aren't currently using medication.

24  Is all that correct?

25          MR. PERNELL:  Yes.

1      THE COURT:  And other than that, have you been

2  -- received any mental health treatment of any kind?

3      MR. PERNELL:  While at Pamunkey Regional, basic

4  counseling.

5      THE COURT:  Counseling about what?

6      MR. PERNELL:  Just making sure that I'm still

7  maintaining, I guess.  Not having any serious issues or

8  conflicts.

9      THE COURT:  And after that counseling, have you

10 been told you're having any conflicts or issues or have

11 you said that you are?

12     MR. PERNELL:  No.  They gave me pamphlets and

13 paperwork to utilize for my own benefit because they don't

14 come that often.

15     THE COURT:  Are you taking any medication at

16 all?

17     MR. PERNELL:  I'm not taking any medication, no.

18     THE COURT:  And in the presentence report it

19 says you have no history of drug or alcohol abuse.  Is

20 that still correct?

21     MR. PERNELL:  Yes.

22     THE COURT:  Now, you have got in front of you

23 there a copy of the criminal information.  Do you

24 understand what the charge is in there, and that's

25 possessing a firearm in furtherance of, and use, carry,

1    and brandishing and discharge the same firearm during and

2    in relation to a felony drug trafficking crime; do you

3    understand that?

4            MR. PERNELL:  Yes.

5            THE COURT:  Now, that's a felony.  Do you

6    understand that?

7            MR. PERNELL:  Yes, sir.

8            THE COURT:  It carries with it a term of

9    imprisonment, mandatory minimum of 25 years imprisonment,

10   which has to run consecutive to any other term of

11   imprisonment you're serving, and a maximum of life

12   imprisonment, a fine of $250,000, full restitution, a

13   special assessment, and five years of supervised release.

14           Do you understand that that's what the -- is

15   charged in the criminal information and what the penalties

16   are?

17           MR. PERNELL:  Yes, sir.

18           THE COURT:  Now, under the Constitution you have

19   a right not to be charged with any felony at all unless a

20   grand jury first finds, by returning an indictment, that

21   there's probable cause to believe that a crime has been

22   committed, and that you've committed it.

23           Now, of course you can waive that right and

24   consent to being charged by way of the information that

25   has been filed by the United States Attorney.  But if you

1  do not waive the right of indictment, then the government

2  may, if it so desires, present the case to the grand jury

3  and request the grand jury to indict you.  And the grand

4  jury is composed of at least 16 people, and not more than

5  23.  And at least 12 of those grand jurors has to find

6  that there is probable cause to believe that you committed

7  the crime before it would indict you; do you understand

8  all that?

9          MR. PERNELL:  Yes.

10         THE COURT:  And the grand jury might or might

11  not indict you.  There's no way of telling since it's not

12  going to a grand jury; do you understand that?

13         MR. PERNELL:  Yes.

14         THE COURT:  Now, if you choose to waive the

15  indictment, as you have indicated that you want to do, the

16  case can of course proceed by way of the information.  You

17  understand that, don't you?

18         MR. PERNELL:  Yes.

19         THE COURT:  Now, there is at the lectern there

20  in front of you a document called waiver of indictment.

21  Do you see that?

22         MR. PERNELL:  I do.

23         THE COURT:  And then above your typed name

24  there's a signature.  Is that your signature?

25         MR. PERNELL:  Yes, sir.

1          THE COURT:  Did you read that document before

2    you signed it?

3          MR. PERNELL:  I did.

4          THE COURT:  Did you understand it?

5          MR. PERNELL:  Yes, sir.

6          THE COURT:  Did you talk with your lawyer about

7    it?

8          MR. PERNELL:  I did.

9          THE COURT:  And have you discussed waiving the

10   indictment, and your right to an indictment, and

11   proceeding by way of an information with Mr. Gavin?

12         MR. PERNELL:  Yes, sir.

13         THE COURT:  Has anybody made any threats or

14   promises to you to make you waive your right to

15   indictment?

16         MR. PERNELL:  No, sir.

17         THE COURT:  And have you talked fully with

18   Mr. Gavin about the right?

19         MR. PERNELL:  Yes, sir.

20         THE COURT:  Do you need to talk with him any

21   further about whether you should waive your right to

22   indictment?

23         MR. PERNELL:  No, sir.

24         THE COURT:  And is it your desire to waive your

25   right to indictment by a grand jury?

1          MR. PERNELL:  Yes, sir.

2          THE COURT:  And, Mr. Gavin, do you know of any

3   reason why Mr. Pernell should not waive the right to

4   indictment?

5          MR. GAVIN:  No, sir.

6          THE COURT:  All right.

7          The defendant has signed the waiver form.  And

8   that will be tendered and filed with the Court.

9          Thank you.

10         The United States, having agreed the defendant

11  has knowingly waived his right to indictment on the advice

12  of competent counsel, the Court approves the waiver and

13  the case may proceed on the basis of the criminal

14  information.

15         Now, we have discussed the penalty for the

16  charge in the criminal information, and you understand

17  that, you've said.  I want to know now if you have had an

18  opportunity to discuss your case and this charge against

19  you with Mr. Gavin?

20         MR. PERNELL:  Yes, sir.

21         THE COURT:  And the record will reflect he's

22  represented you for some time, and you've been to Court on

23  a number of occasions.  Have you told Mr. Gavin all the

24  facts about the case that you know?

25         MR. PERNELL:  Yes, sir.

1          THE COURT:  All right.  And you and Mr. Gavin

2  have discussed those facts, and any possible defenses that

3  may come or may be available to you as to the charge, is

4  that correct?

5          MR. PERNELL:  Yes, sir.

6          THE COURT:  And do you feel that Mr. Gavin

7  understands the case, your side of it, and what it's all

8  about?

9          MR. PERNELL:  I believe so.

10          THE COURT:  Are you satisfied with the

11  representation that Mr. Gavin has given to you in this

12  matter?

13          MR. PERNELL:  Yes.

14          THE COURT:  Now, there is a plea agreement in

15  front of you and a statement of facts.  And on the back

16  page of the last numbered page, Page 9, there is your

17  signature above your name, Robert Lee Pernell.  Is that

18  your signature?

19          MR. PERNELL:  Yes.

20          THE COURT:  And on the statement of facts, on

21  Page 2, above your typed name, there's a signature.  Is

22  that your signature?

23          MR. PERNELL:  Yes.

24          THE COURT:  Now, did you read those documents

25  before you signed them?

1           MR. PERNELL:  Yes.

2           THE COURT:  Do you understand them?

3           MR. PERNELL:  Yes.

4           THE COURT:  Did you talk to Mr. Gavin about

5   them?

6           MR. PERNELL:  Yes.

7           THE COURT:  Did you ask him any questions that

8   you had about them?

9           MR. PERNELL:  I did.

10          THE COURT:  Did you understand the answers that

11  he gave you?

12          MR. PERNELL:  Yes, sir.

13          THE COURT:  Has he given you advice in this

14  matter?

15          MR. PERNELL:  Yes.

16          THE COURT:  Did you understand the advice?

17          MR. PERNELL:  Yes.

18          THE COURT:  Before we go forward with these

19  proceedings this afternoon do you need to talk with him

20  any further about anything?

21          MR. PERNELL:  No.

22          THE COURT:  Now, looking at the plea agreement,

23  we have talked about Paragraph 1, so let's talk a little

24  bit more about the other parts of it.  In Paragraph 6, on

25  Page 3, carrying over to Page 4, you agree to waive the

1  right of appeal on the sentence imposed in this case; do

2  you understand you're doing that?

3              MR. PERNELL:  Yes.

4              THE COURT:  And if you didn't make that waiver,

5  you could appeal the sentence; do you understand that?

6              MR. PERNELL:  Yes.

7              THE COURT:  And the United States is not waiving

8  its right to appeal the sentence, so if it doesn't like

9  the sentence they can appeal but you cannot; do you

10 understand that?

11             MR. PERNELL:  Yes.

12             THE COURT:  And in that second part of that

13 paragraph you're waiving your right to request and receive

14 records pertaining to the investigation or prosecution of

15 the case; do you understand that?

16             MR. PERNELL:  Yes.

17             THE COURT:  And under Paragraph 8, there are

18 provisions about the monitary penalties.  Do you

19 understand those?

20             MR. PERNELL:  Yes.

21             THE COURT:  In Paragraph 10, you agree to a

22 forfeiture agreement of any assets that can be a part of

23 the sentence, all interest in any robbery-related asset

24 that you own or of what you exercise control of; do you

25 understand that?

1          MR. PERNELL:  Yes.

2          THE COURT:  And then Paragraphs 11 and 12, you

3    are, in essence, giving up all your rights to contest any

4    forfeiture proceedings; do you understand that?

5          MR. PERNELL:  Yes, sir.

6          THE COURT:  Paragraph 13, there's a provision

7    that says if you break the terms of the plea agreement

8    then the United States is released from its obligation.

9    They can come to court and ask the Court to find that you

10   have breached the agreement.  And upon finding that you

11   breached the agreement, they can prosecute you for all

12   charges without the benefit of this plea agreement and no

13   limitations; do you understand that?

14         MR. PERNELL:  Yes.

15         THE COURT:  And it says that in Paragraph 14

16   that this is the entire agreement between you and the

17   United States as far as your plea agreement is concerned;

18   is that correct?

19         MR. PERNELL:  Yes.

20         THE COURT:  That would include, of course, the

21   statement of facts which is referred to therein; is that

22   correct?

23         MR. PERNELL:  Yes, sir.

24         THE COURT:  But there is also a document called

25   Exhibit 1 that I have been given.  And on the sixth page

1  of that agreement signed -- I mean, you signed, it looks

2  like.  Is that your signature?

3            MR. PERNELL:  Yes.

4            THE COURT:  Now, the United States has said that

5  your obligations under this agreement are supplemental to

6  the plea agreement according to paragraph -- the second

7  sentence in the plea agreement -- in Exhibit 1, excuse me.

8  And the United States Attorney, though, has told me that

9  this agreement -- your living up to this agreement is not

10 a contingency to the validity of your plea.  Do you

11 understand that to be the case?

12           MR. PERNELL:  Yes.

13           THE COURT:  What do you understand Exhibit 1 to

14 require you to do?

15           MR. PERNELL:  It has no bearing on my plea

16 agreement itself.  If I choose to plead -- if I choose

17 just to go along with my plea agreement, I can do so.

18           THE COURT:  But if you choose to proceed with

19 Exhibit 1, then what happens?

20           MR. PERNELL:  I have the option to do so.

21           THE COURT:  It's up to you?

22           MR. PERNELL:  Right.

23           THE COURT:  That's your understanding,

24 Ms. Norman?

25           MS. NORMAN:  Absolutely.  Yes, sir.

1          THE COURT:  Mr. Gavin, that's your

2    understanding?

3          MR. GAVIN:  Yes, sir.

4          THE COURT:  All right.

5          Should Exhibit 1 be filed or not?

6          MS. NORMAN:  It should not be, Your Honor.  It's

7    because it is -- we maintain those in counsels' files

8    because the plea is not contingent upon --

9          THE COURT:  All right.  Then it will be returned

10   to you.

11         MS. NORMAN:  Thank you.

12         THE COURT:  All right.

13         Mr. Pernell, has anyone, including your counsel

14   or the United States Attorney, made any promise of

15   leniency to you, or any promise of any kind, in return for

16   the plea agreement -- a plea of guilty other than what is

17   in this plea agreement?

18         MR. PERNELL:  No.

19         THE COURT:  And has anyone threatened you in any

20   way to induce you to plead guilty?

21         MR. PERNELL:  No.

22         THE COURT:  And you do understand you're

23   pleading guilty to a felony, and that if your plea is

24   accepted you're going to be adjudged guilty of a felony

25   and that will deprive you of the civil rights of voting,

1  holding public office, service on a jury, possessing

2  firearms; do you understand that?

3          MR. PERNELL:  Yes.

4          THE COURT:  And then in addition to any fine or

5  prison sentence that the Court can impose in this case,

6  you can be required to make restitution to, and

7  compensate, any victim who has been -- suffered any loss

8  caused by any of the actions you're pleading guilty to; do

9  you understand that?

10          MR. PERNELL:  Yes, sir.

11          THE COURT:  And if restitution is made a part of

12  your sentence, it will be like a judgment against you, and

13  any property you own now or after the judgment is recorded

14  can be levied upon from now until whatever time the

15  judgment expires by law under the law of the state; do you

16  understand that?

17          MR. PERNELL:  Yes.

18          THE COURT:  And in addition to the cost of

19  prosecuting you and the cost of keeping -- in addition to

20  the prison sentence and the other terms I've talked about,

21  you can be assessed the cost of prosecuting you and the

22  cost of keeping you in prison; do you understand?

23          MR. PERNELL:  Yes.

24          THE COURT:  And you will have to pay a special

25  assessment of $100, which is toward the court costs; do

1  you understand that?

2           MR. PERNELL:  Yes.

3           THE COURT:  Now, the statute here has a

4  mandatory minimum sentence which has to be imposed and a

5  maximum.  The maximum is life.  The minimum is 25 years.

6  But the sentencing guidelines, which are advisory, will

7  nonetheless be used in assessing what is an appropriate

8  sentence in the case; do you understand that?

9           MR. PERNELL:  Yes.

10          THE COURT:  And under those guidelines, the

11 Court will take into account all of your activities,

12 everything that you've done, whether they're charged or

13 not charged, whether they've been dismissed or not, and

14 consider your actual conduct, the role you played, and the

15 nature and the victims of the offense, what's happened to

16 them and whether you have engaged in obstruction of

17 justice and whether you have accepted responsibility for

18 your conduct; do you understand all that will be

19 considered?

20          MR. PERNELL:  Yes.

21          THE COURT:  And your criminal history will also

22 be considered; do you understand that?

23          MR. PERNELL:  Yes.

24          THE COURT:  Have you discussed those guidelines

25 with your lawyer, and he's explained to you generally how

1    these advisory guidelines work?

2              MR. PERNELL:  Yes.

3              THE COURT:  But in any event, your sentence

4    cannot be any less than the statutory minimum sentence of

5    25 years; do you understand that?

6              MR. PERNELL:  Yes.

7              THE COURT:  And until a presentence report is

8    prepared, and updated -- I've got a prepared one, but it's

9    got to be updated, it's not possible to tell you what your

10   actual sentence will be; do you understand that?

11             MR. PERNELL:  Yes.

12             THE COURT:  And you're not going to be able to

13   withdraw your guilty plea on the grounds that your lawyer

14   has told you what he thinks the sentence will be, what the

15   guidelines may provide, or what the actual sentence may be

16   and was wrong; do you understand that?

17             MR. PERNELL:  Yes.

18             THE COURT:  And under the law, parole has been

19   abolished.  So when you're sent to prison, you're not

20   going to be released on parole; do you understand that?

21             MR. PERNELL:  Yes, sir.

22             THE COURT:  And you have an absolute right to

23   plead not guilty to any charge against you, and to persist

24   in any previously entered not guilty plea; do you

25   understand that?  In other words, it's your absolute right

1  to plead not guilty, do you understand that, and go to

2  trial on that basis?

3            MR. PERNELL:  Yes.

4            THE COURT:  And if you plead guilty and go to

5  trial on that basis, you have a constitutional right to a

6  speedy public trial by a jury, and the trial.  You have

7  the right to be assisted by counsel, paid for by the

8  government if you can't afford it, and the right to

9  confront and cross-examine all the witnesses against you;

10 do you understand that?

11           MR. PERNELL:  Yes.

12           THE COURT:  If you go forward also on a plea of

13 not guilty, you have the constitutional right to testify

14 on your own behalf and present your case by calling

15 witnesses and bringing documents here to aid in your

16 defense; do you understand that?

17           MR. PERNELL:  Yes.

18           THE COURT:  You have the constitutional right as

19 well not to testify at all.  And if you choose to exercise

20 that right, that cannot be considered or commented upon in

21 any way in deciding whether you're guilty or not; do you

22 understand that?

23           MR. PERNELL:  Yes.

24           THE COURT:  And if you proceed to trial, you

25 have the right, under the Constitution, to use the full

1 power and process of the Court to compel the production of

2 evidence, witnesses and documents to help you defend

3 yourself; do you understand that?

4           MR. PERNELL:  Yes.

5           THE COURT:  And by pleaing guilty, you're giving

6 up or waiving all the constitutional rights you and I just

7 talked about; do you understand that?

8           MR. PERNELL:  Yes.

9           THE COURT:  And even though you're pleading

10 guilty, the Court could impose on you the same punishment

11 for the offense to which you plead guilty as it could have

12 if you entered a plea of not guilty and been tried and

13 convicted by a jury or by the Court sitting without a

14 jury; do you understand that?

15          MR. PERNELL:  Yes.

16          THE COURT:  And if the Court accepts your guilty

17 plea, there's not going to be a trial of any kind.

18 There's just going to be a sentencing; do you understand

19 that?

20          MR. PERNELL:  Yes.

21          THE COURT:  If you plead -- if you were to plead

22 not guilty, the United States would have the burden of

23 convincing 12 jurors beyond a reasonable doubt by

24 competent evidence that you were guilty.  And they would

25 have to prove all of the elements of the crime charged in

1 the indictment that you, on or about the date alleged, in

2 the Eastern District of Virginia, possessed a firearm in

3 furtherance of, and used the firearm, carried, brandished

4 and discharged it, during and in relation to a felony drug

5 trafficking crime, in particular, the felony drug

6 trafficking crime referred to in a statement of facts in

7 Paragraph 1; do you understand that?

8          MR. PERNELL:  Yes.

9          THE COURT:  And if the government wanted to

10 proceed with any other charges against you, they'd have to

11 prove them beyond a reasonable doubt as well; do you

12 understand?

13          MR. PERNELL:  Yes.

14          THE COURT:  By pleading guilty, though, you're

15 giving up your right to have a jury decide whether you're

16 guilty or not; do you understand that?

17          MR. PERNELL:  Yes.

18          THE COURT:  Mr. Gavin, has Mr. Pernell been

19 competent and able to cooperate with you in the case?

20          MR. GAVIN:  Yes, sir.

21          THE COURT:  Have you and he discussed the facts

22 in detail?

23          MR. GAVIN:  Yes, sir.

24          THE COURT:  And are you satisfied that there are

25 no meritorious defenses that can be raised as to the

1    charge to which he is pleading guilty?

2              MR. GAVIN:  Yes, sir.

3              THE COURT:  Are you satisfied that his

4    constitutional rights have been preserved heretofore in

5    these proceedings?

6              MR. GAVIN:  Yes, sir.

7              THE COURT:  And as best you can be satisfied as

8    he stands there that he's not under the influence of any

9    drugs, narcotics, marijuana, or alcohol?

10             MR. GAVIN:  Yes, sir.

11             THE COURT:  Do you know of any reason of any

12   kind why he should not enter a plea of not guilty to the

13   charge in the criminal information?

14             MR. GAVIN:  No, sir.

15             THE COURT:  Well, I find that the defendant is

16   competent and capable of entering a knowing and voluntary

17   plea of guilty, just as he was competent and capable of

18   entering a knowing and voluntary waiver of the indictment,

19   and that he has been advised on those topics by competent

20   counsel.

21             And so I ask you, Mr. Pernell, to the charge in

22   Count 1 of the criminal information, how do you plead,

23   guilty or not guilty?

24             MR. PERNELL:  Guilty.

25             THE COURT:  Are you pleading guilty freely and

1    voluntarily because you are guilty?

2            MR. PERNELL:  Yes.

3            THE COURT:  I find that the defendant has

4    entered a knowing and voluntary plea of guilty, and that

5    his plea of guilty is supported by an independent basis in

6    fact.  So, the Court accepts the plea.  The plea agreement

7    shall be filed and accepted.

8            The defendant is adjudged guilty of the offense

9    to which he's entered a plea.  Any other charges pending

10   in the case will be dismissed at the time of sentencing.

11           You may return to your seat.

12           Mr. Pernell, stand up just a minute.

13           In Paragraph 1 of the plea agreement there's the

14   word "years" that's been inserted after the numeral 25 and

15   before the word imprisonment on the fifth line of that

16   paragraph, and there are initials there.  Are those your

17   initials?

18           MR. GAVIN:  They're mine, Your Honor.

19           THE COURT:  All right.  I think I want him to

20   initial them too.

21           MR. GAVIN:  May I approach?

22           THE COURT:  Give this to Mr. Gavin.

23           They just put the word "years" in.  Please

24   initial those, Mr. Pernell.

25           MR. PERNELL:  (Complies.)

25

```
 1                THE COURT:  Thank you, sir.
 2                Now, Mr. Pernell, I have from you a letter dated
 3   July the 1st, which I will direct to be filed in the
 4   record if you so desire.  But I have a motion from
 5   Mr. Gavin, also Docket Number 131, and a supporting
 6   memorandum.  Of course the United States' response is
 7   there too.
 8                I gather that the -- from what's just happened,
 9   that the motion is withdrawn and the letter is withdrawn;
10   is that correct?
11                MR. PERNELL:  Yes, sir.
12                MR. GAVIN:  Yes, sir.
13                THE COURT:  All right.
14                Do you want the letter placed in the record,
15   either one of you?  I'll place it in the record if you
16   want.
17                MR. GAVIN:  We'll withdraw the letter, Your
18   Honor.
19                THE COURT:  All right.  The letter is withdrawn.
20                Does that suit you, Mr. Pernell?
21                MR. PERNELL:  Yes.
22                THE COURT:  There is also a subpoena -- *ex parte*
23   motion for a subpoena duces tecum.  I don't know that
24   that's been issued.
25                MR. GAVIN:  It can be dismissed as moot, Your
```

1    Honor.

2            THE COURT:  It should be denied as moot.  All

3    right.  Will do.

4            All right.  Now, we need to -- there's been a

5    presentence report prepared because of the nature of the

6    preceding activity in the case, but it probably needs to

7    be updated.  How long -- have you-all talked about

8    sentencing?

9            MS. NORMAN:  We have, Your Honor.

10            THE COURT:  You have talked to the probation

11   officer too?

12            MS. NORMAN:  And we have talked to the probation

13   officer.

14            THE COURT:  There's an original date already on

15   the calendar, isn't there?

16            MS. NORMAN:  There is an original date of

17   August 25th, which is a Monday, for the start of trial.

18   The -- we spoke, and we are also available the week of

19   August 18th, if the Court is available.

20            The only issues that have been raised affected

21   the calculation of the advisory guideline range for a

22   robbery conviction on the previous presentence report.

23   Those would be moot with a 924(c) conviction because under

24   Sentencing Guideline 2K2.1, the advisory guideline range

25   on a 924(c) case is the minimum mandatory.  So the issues

1  that go to the calculation of the advisory guideline range

2  are moot points.

3           THE COURT:  Wait a minute.  The convictions were

4  set aside.

5           MS. NORMAN:  Correct.

6           THE COURT:  So what's that got -- what are you

7  saying?  We'd have a new presentence report based only on

8  the offense of conviction here?

9           MS. NORMAN:  Right.  That is correct.  And the

10  point of it was I don't believe, based on the -- it being

11  a 924(c) count, I don't believe that we need the full 90

12  days for a new presentence report because the only

13  objections that have been previously made were made to

14  things that are now moot.

15           THE COURT:  I see.  And the 924(c) was Count 3

16  of the original indictment?

17           MS. NORMAN:  It was.  Yes, sir.

18           THE COURT:  Well, when do you want to do the

19  sentencing, folks?

20           MR. GAVIN:  The week of the 18th is fine, Your

21  Honor.

22           THE COURT:  Do you want to do the 18th?

23           MS. NORMAN:  Yes, sir.

24           MR. GAVIN:  Yes, sir.

25           THE CLERK:  Is there any need for a new

1    sentencing guideline order?

2            THE COURT:  I don't think so.

3            THE CLERK:  I don't think so either.  Okay.

4    Thank you.

5            MS. NORMAN:  No, sir.

6            THE COURT:  Can you get an updated presentence

7    report to me in time to have a sentencing on the 21st of

8    August?  That means you would have to get it in about a

9    week before that?

10            PROBATION OFFICER:  I can make sure it's to you

11   at least a week prior to.

12            THE COURT:  That would be fine.

13            If anybody has any objections, you need to file

14   them right away.

15            MS. NORMAN:  Yes, sir.

16            THE COURT:  August 21st -- do I need to have a

17   sentencing hearing -- I mean, a hearing on *U.S. v. Claire*?

18            THE CLERK:  I don't know.

19            THE COURT:  We don't know that yet, do we?

20            THE CLERK:  No, sir.

21            MS. NORMAN:  Your Honor, I'm available starting

22   at 11:30 on the 21st.

23            THE COURT:  I have sentencings all that morning.

24   And I have a competency hearing set in the afternoon,

25   which if it goes forward it will go all afternoon.

```
 1                   How about the 20th at 2:30?

 2             MR. GAVIN:  It's available, Your Honor.

 3             MS. NORMAN:  Your Honor, I'm teaching a -- I'm

 4    providing a training in Charlottesville from 10:00 until

 5    about 12:30 that day.  I'd be a little worried if there is

 6    traffic.  Can we set it for 3:00?

 7             THE CLERK:  Sure.

 8             THE COURT:  Is that available to you, Mr. Gavin?

 9             MR. GAVIN:  Yes, sir.

10             THE COURT:  The sentencing will be on that date,

11    the 20th of August, at 3:00.

12             Mr. Pernell, will you stand up.

13             You have read the presentence report, and you

14    need to review it again.  And then you need to review any

15    update to it and tell Mr. Gavin anything that you object

16    to so that I can have all of your objections at the time

17    of the sentencing.  Otherwise, I'll take what's in the

18    presentence report as true and accurate and use that as a

19    basis for sentencing, do you understand that?

20             MR. PERNELL:  Yes.

21             THE COURT:  Is there anything else that needs to

22    be done at this time?

23             MS. NORMAN:  No, Your Honor.

24             MR. GAVIN:  No, sir.

25             THE COURT:  All right.
```

1          Here.

2          THE CLERK:  Thank you, Your Honor.

3          THE COURT:  All right.

4          We'll be adjourned.  Thank you very much.

5          (The proceeding concluded at 2:34 p.m.)

6                    REPORTER'S CERTIFICATE

7          I, Krista M. Liscio, OCR, RMR, Notary
Public in and for the Commonwealth of Virginia at
8    large, and whose commission expires March 31, 2028,
Notary Registration Number 149462, do hereby certify
9    that the pages contained herein accurately reflect
the notes taken by me, to the best of my ability, in
10   the above-styled action.
         Given under my hand this 28th day of June, 2024.

11

12                    _____
                      Krista M. Liscio, RMR
13                    Official Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25